**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Patrick PEDRONI, Defendant–Appellant.**

No. 90–10532.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 1992.

Decided March 2, 1992.

---

Peter Robinson, Santa Rosa, Cal., for defendant-appellant.

William P. Schaefer, Sp. Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before CHOY, SCHROEDER and T.G. NELSON, Circuit Judges.

CHOY, Circuit Judge:

Defendant Patrick PEDRONI, appeals his conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and his two-count conviction for use of a communication facility to further a drug transaction under 21 U.S.C. § 843(b). Finding no merit to either ground of his appeal, we affirm.

## I. PROCEDURAL & FACTUAL BACKGROUND

In 1984, the Federal Bureau of Investigation ("FBI") began to investigate alleged narcotics trafficking by James Michael Stowers. As a part of the investigation, the FBI sought and obtained court authorization to conduct electronic surveillance of Stowers's telephone conversations. On January 11, 1985 Judge John P. Vukasin authorized electronic surveillance of Stowers's telephone. The order authorized surveillance for thirty days, and the district court extended the order at the government's request on February 8, 1985 and March 8, 1985 for additional thirty-day periods. During the course of the electronic surveillance, defendant Patrick Pedroni also became a subject of the FBI's investigation because he had numerous telephone conversations with Stowers.

On March 23, 1990 Pedroni was indicted on one count of conspiracy to possess with the intent to distribute under 21 U.S.C. § 846 (count one), and two counts of use of a communication facility to further a drug

transaction under 21 U.S.C. § 843(b) (counts two and three).

The FBI terminated its electronic surveillance April 4, 1985 at 5:00 p.m. The recordings were inventoried, boxed along with the tape logs, and prepared for presentation to Judge Vukasin for sealing pursuant to statutory requirements. This process took several days.[1] Judge Vukasin then scheduled the sealing for April 18, 1985. Special Agent Luis H. George, Jr. presented 239 tapes to Judge Vukasin who sealed the tapes and returned them to the custody of the FBI that same day. The tapes remained unsealed for a total of fourteen days. There is no evidence in the record on this appeal that the integrity of the tapes was compromised in any way.

Pedroni filed a motion to suppress the wiretap evidence on June 20, 1990 because the government had failed to seal the tapes immediately as required by 18 U.S.C. § 2518(8)(a). Judge Vukasin denied Pedroni's motion to suppress the tapes or hold an evidentiary hearing. Pedroni renewed his motion on July 20, 1990, and the district court again denied the motion.

On August 1, 1990 Pedroni filed a proposed jury instruction regarding an alleged lesser-included offense of conspiracy to possess cocaine. During oral argument Pedroni urged the district court to instruct the jury on the lesser-included offense based on the theory that prior to March 23, 1985 he withdrew from the conspiracy to distribute and thereafter merely conspired to possess cocaine for personal use. Under this theory, the five-year statute of limitation period on the conspiracy to distribute charge would have run prior to his indictment on March 23, 1990. The court ultimately denied the request citing *United States v. Linn*, 880 F.2d 209 (9th Cir.1989) and *United States v. Adler*, 879 F.2d 491 (9th Cir.1988) in support of its decision. The district court, however, did instruct the jury on withdrawal from the charged conspiracy and in his closing argument Pedroni's attorney argued that prior to March

---

**1.** The surveillance terminated on Thursday. The agents did not begin preparing the tapes for sealing until the following Monday because Friday was Good Friday and the agents did not work on the weekend. The tapes were ready to be sealed on April 10, 1985.

23, 1985, Pedroni in fact had withdrawn from the conspiracy.

On August 3, 1990 the jury returned a verdict of guilty on count one of the indictment, conspiracy to distribute cocaine, and not guilty on counts two and three, for use of a communication facility. The district court sentenced Pedroni to six years imprisonment and a $5,000 fine.

## II. DISCUSSION

A. *Motion to Suppress the Wiretap Evidence.*

■ The district court's factual findings on the motion to suppress the tapes obtained from electronic surveillance are reviewed for clear error. *See United States v. Maldonado–Rivera*, 922 F.2d 934, 950 (2d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2858, 115 L.Ed.2d 1026 (1991); *see also United States v. Carneiro*, 861 F.2d 1171, 1176 (9th Cir.1988) (factual determinations under wiretap statute's necessity requirement reviewed for clear error). The district court's determination that the government's reasons for delay in sealing the wiretap tapes were satisfactory is reviewed *de novo*. *Maldonado–Rivera*, 922 F.2d at 950.

■ Title III of the Omnibus Crime Control and Safe Streets Act of 1968 controls the government's use of electronic surveillance techniques in law enforcement activities. 18 U.S.C. §§ 2510–2520. Under the statute, the government must obtain a court order to conduct electronic surveillance, except under extraordinary circumstances. *See* 18 U.S.C. § 2518(1)–(7). The Act also contains procedures for storing the tapes after the government terminates its surveillance.[2] These procedures are prerequisites for the government's use of the evidence against the surveilled individual in a criminal trial. The statute states, "The presence of the seal provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents of any wire, oral, or electronic communication or evidence derived therefrom under subsection (3) of section 2517." *Id.* To use the evidence, therefore, the government must (1) seal the tapes immediately, or (2) provide a "satisfactory explanation" for the delay in obtaining a seal.

■ This Circuit has not addressed the issue of suppression of evidence under § 2518(8)(a). Courts in other circuits, however, have held that immediately sealing the tapes means "within one or two days" and "any delay beyond that certainly calls for explanation." *United States v. Vazquez*, 605 F.2d 1269, 1278 (2d Cir.), *cert. denied,* 444 U.S. 981, 100 S.Ct. 484, 62 L.Ed.2d 408 (1979). Because the tapes were not sealed immediately in this case, the government must offer a satisfactory explanation to prevent the tapes' suppression. The Supreme Court interpreted the § 2518(8)(a) suppression provision in *United States v. Ojeda Rios*, 495 U.S. 257, 110 S.Ct. 1845, 109 L.Ed.2d 224 (1990). The Court concluded that "the 'satisfactory explanation' language in section 2518(8)(a) must be understood to require that the Government explain not only why a delay occurred but also why it is excusable." *Id.* at 1850.

The government based its "satisfactory explanation" in this case upon Agent George's affidavit, submitted with the government's papers opposing Pedroni's motion to suppress. The affidavit refers to several facts that establish a "satisfactory explanation" for the delay in sealing the tapes: (1) integrity of the tapes maintained through special procedures; (2) total delay of only fourteen days; (3) tapes were ready for sealing in six days (and in three non-holiday work days); (4) delay due to heavy work load of responsible FBI agent; (5) part of delay due to judge's unavailability and decision when to schedule hearing.

Agent George's affidavit and his testimony at trial highlighted the government's extensive procedures to ensure the integri-

---

**2.** The statute provides in part, "Immediately upon the expiration of the period of the order, or extensions thereof, such recordings shall be made available to the judge issuing such order and sealed under his directions." 18 U.S.C. § 2518(8)(a).

ty of the tapes.[3] Agent George stated that these procedures were followed for the Stowers investigation. It was these activities which occupied Agent George for the three days following the long holiday weekend.[4]

■ Similarly, the length of the sealing delay is not a dispositive factor, but it is significant that courts have admitted evidence where the delays have been much longer than occurred in this case. See Maldonado–Rivera, 922 F.2d at 950 (tapes left unsealed for up to 118 days admissible), cert. denied, — U.S. —, 111 S.Ct. 2858, 115 L.Ed.2d 1026 (1991); United States v. Mora, 821 F.2d 860, 870 (1st Cir.1987) (delay of twenty to forty-one days); United States v. Diana, 605 F.2d 1307, 1315 (4th Cir.1979) (delay of thirty-nine days), cert. denied, 444 U.S. 1102, 100 S.Ct. 1067, 62 L.Ed.2d 787 (1980); United States v. Lawson, 545 F.2d 557, 564–65 (7th Cir.1975) (delay of fifty-seven days), cert. denied, 424 U.S. 927, 96 S.Ct. 1141, 47 L.Ed.2d 337 (1976). In this case, the delay was fourteen days, but the tapes were actually ready for sealing in six days. Such a delay is similar to or less than that approved in other cases.

■ The unavailability of the issuing or supervising judge may constitute a satisfactory explanation for a sealing delay. See United States v. Fury, 554 F.2d 522, 533 (2d Cir.1977) (six-day delay reasonably explained by unavailability of issuing judge who was on vacation), cert. denied, 436 U.S. 931, 98 S.Ct. 2831, 56 L.Ed.2d 776 (1978); United States v. Poeta, 455 F.2d 117, 122 (2d Cir.) (thirteen-day delay approved where agents assumed issuing judge must seal tapes), cert. denied, 406 U.S. 948, 92 S.Ct. 2041, 32 L.Ed.2d 337 (1972). In this case, Agent George's affidavit asserts that the judge was out of town for several days after the tapes were ready for sealing. Pedroni made no attempt to offer proof to contest this statement.

■ The failure to seal immediately because of resource or personnel shortages has also been deemed a "satisfactory explanation." See United States v. Massino, 784 F.2d 153 (2d Cir.1986) (fifteen-day delay permitted when government diverted personnel to investigate leak threatening investigation); United States v. Rodriguez, 786 F.2d 472 (2d Cir.1986) (fourteen-day delay permitted when supervising attorney occupied with another trial); United States v. Scafidi, 564 F.2d 633, 641 (2d Cir.1977) (seven-day delay permitted when prosecutor preoccupied with upcoming trial), cert. denied, 436 U.S. 903, 98 S.Ct. 2231, 56 L.Ed.2d 401 (1978). In this case Agent George stated in his affidavit that two potential witnesses in the Stowers investigation had become available at the time when the tapes were being prepared for sealing. Because Agent George was in charge of the investigation, the sealing was delayed while he interviewed these witnesses.

These explanations, taken together, constitute "satisfactory explanation" for the sealing delay. Pedroni asserts, nonetheless, that the district court was compelled to conduct an evidentiary hearing on the matter.[5] No reported case addresses

3. The affidavit states that tapes were put in an evidence envelope and placed in a lockbox at the end of every day of surveillance. The next day agents would place the tape in the FBI storage facility for wire intercepts. When the FBI completed its surveillance, agents would inventory the tapes, check for copies, and box the tapes along with the logs for presentation to the authorizing judge for sealing.

4. Pedroni did not contest the integrity or the authenticity of the tapes when he moved to suppress the tapes, nor did he do so when he renewed his motion a month later. In fact, he stipulated to their authenticity and accuracy at trial. The integrity of the tapes, however, does not dispose of Pedroni's claim. The Supreme

Court stated in Rios that "[t]o hold that proof of nontampering is a substitute for a satisfactory explanation is foreclosed by the plain words of the sealing provision." Rios, 110 S.Ct. at 1850.

5. Citing United States v. Long, 917 F.2d 691 (2d Cir.1990) and United States v. Vastola, 915 F.2d 865, 876 (3d Cir.1990), cert. denied, — U.S. —, 111 S.Ct. 1073, 112 L.Ed.2d 1178 (1991), Pedroni asserts that Rios compels district courts to conduct evidentiary hearings when the government has failed to seal immediately evidence obtained through electronic surveillance. Long, however, held that a satisfactory explanation can be based solely on affidavits. Long, 917 F.2d at 700. The court merely remanded

the issue of when an evidentiary hearing is required when a defendant moves to suppress evidence under 18 U.S.C. § 2518(8)(a). *Rios* states that all of the government's proffered satisfactory explanations must be submitted to the district court, *Rios* 110 S.Ct. at 1851, but does not exclude the possibility that the issue may be resolved on the basis of affidavits alone.

We think that the test in *United States v. Licavoli,* 604 F.2d 613 (9th Cir. 1979), *cert. denied,* 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980) applies to suppression motions under § 2518(8)(a). *Licavoli* held that "[a]n evidentiary hearing on a motion to suppress ordinarily is required if 'the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question.'" *Id.* at 621 (quoting *United States v. Ledesma,* 499 F.2d 36, 39 (9th Cir.), *cert. denied,* 419 U.S. 1024, 95 S.Ct. 501, 42 L.Ed.2d 298 (1974)).[6]

In this case, Pedroni's failure to contest any issue of fact concerning the sealing makes an evidentiary hearing unnecessary. Contrary to Pedroni's assertion, Agent George's affidavit was more than conclusory in nature, and it contained sufficient evidence to deny Pedroni's motion to suppress. It explained in detail the Bureau's procedures for ensuring the tapes' integrity. Moreover, it explained

that Agent George had to interview two witnesses connected with the Stowers investigation who had become available unexpectedly.

The fact that the affidavit relied upon hearsay evidence to prove the issuing judge was unavailable does not require an evidentiary hearing. Pedroni had an opportunity to question the judge's secretary or subpoena his calendar to prove that the judge was available earlier when Pedroni renewed his motion to suppress, but he failed to do so. Nothing would be gained by allowing Pedroni to cross-examine Agent George. Additional evidence that Pedroni would wish to introduce should have been submitted with his motions to suppress. On the record before us, "contested issues of fact going to the validity of the search" are not in question. *Licavoli,* 604 F.2d at 621. The district court's denial of an evidentiary hearing was therefore proper.

### B. *Lesser–Included Offense*

To show entitlement to a lesser-included offense instruction the defendant must meet a two-step test. *United States v. Linn,* 880 F.2d 209, 218 (9th Cir.1989); *United States v. Crutchfield,* 547 F.2d 496, 500 (9th Cir.1977). First, the defendant must prove that the offense on which instruction is sought is a lesser-included offense of that charged[7] and second, the defendant must show that the jury rationally could conclude that the defendant was

---

for an evidentiary hearing on the issue of authenticity. *Id. Vastola* required an evidentiary hearing because the government's explanation for delay on appeal had not be presented to the district court as required by *Rios,* not because such a hearing is always required. *Vastola,* 915 F.2d at 870–71.

**6.** We are mindful of differences between § 2518(8)(a) suppression motions and traditional search and seizure suppression motions. First, the onus is on the government to provide a "satisfactory explanation" for failing to seal immediately the tapes from surveillance in § 2518(8)(a) cases. *Cf. United States v. Torres,* 908 F.2d 1417 (9th Cir.) (burden of showing proper minimization under § 2518(5) on government), *cert. denied,* — U.S. —, 111 S.Ct. 366, 112 L.Ed.2d 329 (1990). The statute does not require the defendant to prove the lack of any plausible explanation.

We also note that in a motion to suppress under § 2518(8)(a), the relevant facts are within the exclusive knowledge of the government, *i.e.,* how the tapes' integrity was insured and the reasons for delay in sealing. The defendant will often have difficulty submitting affidavits to contest the government's assertions. *Cf. United States v. Orozco,* 630 F.Supp. 1418, 1538 (S.D.Cal.1986) (defendant handicapped where he must make showing without access to pertinent information on minimization claim under § 2518(5)). We are confident, however, that Pedroni was not so handicapped in this case, and that courts in future cases will be able to indentify situations where defendants are unfairly disadvantaged.

**7.** Pedroni and the Government agree that conspiracy to possess cocaine is the lesser-included offense of conspiracy to distribute cocaine and thus the first prong of the lesser-included offense test is not at issue in this appeal.

guilty of the lesser-included offense but not of the greater. *United States v. Schmuck*, 489 U.S. 705, 716 n. 8, 109 S.Ct. 1443, 1450 n. 8, 103 L.Ed.2d 734 (1988); *United States v. Pace*, 833 F.2d 1307, 1314 (9th Cir.1987), *cert. denied*, 486 U.S. 1011, 108 S.Ct. 1742, 100 L.Ed.2d 205 (1988). The second prong of this test requires the defendant to show that the evidence would permit a jury rationally to find him guilty of the lesser offense and *to acquit him of the greater. United States v. Keeble*, 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973). The district court's decision whether a jury rationally could conclude that the defendant was guilty of the lesser offense and not guilty of the greater is reviewed for an abuse of discretion. *United States v. Torres*, 937 F.2d 1469, 1476 (9th Cir.1991), *cert. denied*, — U.S. ——, 112 S.Ct. 886, 116 L.Ed.2d 789 (1992). In reviewing for abuse of discretion this court must consider the instructions as a whole and in the context of the entire trial. *United States v. Mundo*, 892 F.2d 817, 818–19 (9th Cir.1989), *cert. denied*, — U.S. ——, 111 S.Ct. 1072, 112 L.Ed.2d 1178 (1991).

 This court has held that a lesser-included offense instruction was not required because the evidence is such that "[a] rational jury could not have convicted appellant of any lesser offense *without relying on the precise evidence which establishes guilt of the offenses charged.*" *Linn*, 880 F.2d at 218 (emphasis added); *see also United States v. Powell*, 932 F.2d 1337 (9th Cir.), *cert. denied*, — U.S. ——, 112 S.Ct. 256, 116 L.Ed.2d 210 (1991) (upholding denial of a lesser-included offense instruction where the evidence establishing the greater offense was so great that no rational jury could find the defendant guilty of the lesser offense). The jury in this case, like that in *Linn*, would have had to use the same evidence to convict Pedroni of the lesser-included offense of conspiracy to possess as it used to find him guilty of conspiracy to distribute. The jury specifically was instructed that unless the government proved beyond a reasonable doubt that Pedroni did not withdraw from the conspiracy before March 23, 1985 the jury

would have to acquit him of that charge. There is no evidence in this case on which the jury could conclude that Pedroni withdrew from a conspiracy to distribute and entered into a conspiracy to possess. On the basis of the evidence in this case, he either stayed in the conspiracy to distribute, or he left it. Therefore the jury properly was instructed.

We conclude that the district court did not abuse its discretion in denying Pedroni a lesser-included offense instruction.

AFFIRMED.