**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alex FLEMATE, a.k.a. Flea, Defendant–Appellant.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James Blanco, a.k.a. Toro; a.k.a. Pops, Defendant–Appellant.**

Nos. 99–10293, 99–10299.
D.C. No. CR–93–20042–RMW.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 15, 2001.*

Decided Jan. 16, 2002.

Before WOOD,** KOZINSKI and O'SCANNLAIN, Circuit Judges.

---

\* The panel unanimously finds this case suitable for submission on the record and briefs, with-

out oral argument. See Fed. R.App. P. 34(a)(2).

\*\* The Honorable Harlington Wood, Jr., United States Senior Circuit Judge for the Seventh Circuit, sitting by designation.

## MEMORANDUM***

An indictment must be dismissed because of perjury before the grand jury only where the prosecutor knowingly uses perjury relating to a material fact. *See United States v. Kennedy,* 564 F.2d 1329, 1338 (9th Cir.1977), *cert. denied,* 435 U.S. 944, 98 S.Ct. 1526, 55 L.Ed.2d 541 (1978). We reject defendants' argument that immaterial discrepancies and apparent verbal slips in grand jury testimony required the district court to dismiss the indictment. We also reject defendants' argument that the prosecutor's failure to advise the second grand jury of its right to compel the testimony of live witnesses required the district court to dismiss the indictment. We dismiss indictments only when the government's conduct before the grand jury was "so excessive, flagrant, scandalous, intolerable, and offensive as to violate due process," and that is not the case here. *United States v. Edmonds,* 103 F.3d 822, 825 (9th Cir.1996).

We reject defendants' argument that the wiretap affidavit contained facts that were so misleading that the district court should have suppressed the wiretap evidence. Even if we were to ignore all of the allegedly misleading statements, there would still be more than enough evidence to support the wiretap order. Because there was a "satisfactory explanation" for the sixteen-day delay in sealing the tapes, the government did not violate 18 U.S.C. § 2518(8)(a)'s requirement that it immediately make recordings available to the judge issuing the wiretap order. *See United States v. Pedroni,* 958 F.2d 262 (9th Cir.1992).

Nor do we agree that the district court should have suppressed evidence discovered in the search of the two mobile homes on Fleming Road. Probable cause supported the first and second warrants. The district court did not err in finding that, even without the affidavit's alleged misleading and false statements, there would still have been undisputed evidence to support probable cause. *See United States v. Reeves,* 210 F.3d 1041, 1044 (9th Cir.), *cert. denied,* 531 U.S. 1000, 121 S.Ct. 499, 148 L.Ed.2d 470 (2000). The district court did not abuse its discretion by finding that the defendants did not make a sufficient showing that the government's alleged failure to preserve the evidence was in bad faith. *See Arizona v. Youngblood,* 488 U.S. 51, 57–58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988).

AFFIRMED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

