**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ronald James STRATHMAN,
Defendant—Appellant.**

No. 04–50351.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 2005.

Decided July 13, 2005.

Shanna L. Dougherty, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kevin M. Bringuel, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: TROTT and W. FLETCHER, Circuit Judges, and RESTANI,* Judge.

### MEMORANDUM **

Appellant Ronald James Strathman appeals his jury conviction for one count of bringing an illegal alien to the United States for financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), and one count of bringing an alien to the United States without presentation, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

▮ Strathman claims that the district court abused its discretion by admitting impermissible hearsay evidence to prove the financial gain element of the offense. According to Strathman, the court allowed a witness to testify that her cousin expected to pay $2,000 to have her smuggled into the United States. We find that even if this is inadmissible hearsay evidence, the error is harmless. The financial gain element of the offense was satisfied beyond a reasonable doubt by Strathman's admission that he expected to be paid $200 for his role in the smuggling.

▮ Strathman also argues that the district court erred by giving the jury a deliberate ignorance instruction under *United States v. Jewell*, 532 F.2d 697, 700 (9th Cir.1976). "Where the defendant's knowledge is at issue, a 'deliberate ignorance' or

'Jewell' instruction may be given where it is warranted by the evidence presented at trial." *United States v. Shannon*, 137 F.3d 1112, 1117 (9th Cir.1998). The government must show that facts "put [the defendant] on notice of the probability of the occurrence of criminal activity, that the defendant failed to investigate, thus deliberately choosing to not verify or discover the criminal activity." *Id.* at 1117–18.

Here, we find ample evidence supporting an instruction for deliberate ignorance. First, Strathman admitted that he entered an agreement with a known smuggler to smuggle something into the United States in the dashboard of his van. Next, he failed to ask what he would be smuggling when a reasonable person would inquire into the nature of the venture. *See United States v. Nicholson*, 677 F.2d 706, 710–11 (9th Cir.1982). Finally, once Strathman started driving, he chose not to look into the dashboard air vents to see what he was smuggling. In total, the evidence is sufficient to show that he consciously avoided knowledge that an alien was in the car.

▮ Strathman also contends that the district court erred by refusing his request to instruct the jury on a lesser-included misdemeanor offense under section 1324(a)(2)(A). We find that a rational juror could not conclude that the Strathman was guilty of the lesser-included offense, 8 U.S.C. § 1324(a)(2)(A), but not the greater offense, 8 U.S.C. § 1324(a)(2)(B)(ii). *See United States v. Pedroni*, 958 F.2d 262, 267–268 (9th Cir.1992). Section 1324(a)(2)(A) makes it a misdemeanor violation to bring an alien to the United States knowing or in reckless disregard of the fact that the alien has not received official permission to enter. When the

---

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

aggravating circumstance of committing the offense "for the purpose of commercial advantage or private financial gain," is present, there is a felony violation of section 1324(a)(2)(B)(ii). In addition to the distinct financial gain element, the felony violation also requires that the defendant acted with criminal intent to violate the immigration laws of the United States. *See United States v. Barajas–Montiel,* 185 F.3d 947, 951 (9th Cir.1999).

Here, Strathman admits that he expected to receive $200 for smuggling "something" into the United States, so no reasonable juror could conclude that the financial gain element of the felony offense is not established. Moreover, he admits that he intended to violate the smuggling laws of the United States, so the only disputed element is Strathman's knowledge of the alien. If Strathman lacked knowledge that an alien was in the car, no reasonable juror could find him guilty of either the misdemeanor or the felony offense. If Strathman had knowledge of the alien, it would be unreasonable for a juror to conclude that he intended to smuggle something, but lacked the criminal intent to smuggle an alien. Therefore, the lesser-included offense instruction was not appropriate because no reasonable juror could convict Strathman of the misdemeanor offense, without convicting him of the felony offense.

**AFFIRMED.**