**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Marcelone HUGHES, Defendant—Appellant.**

**No. 04–10297.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2005.

Submission withdrawn Oct. 25, 2005.

Resubmitted May 2, 2006.

Decided May 4, 2006.

Dawrence W. Rice, Jr., Esq., USF—
Office of the U.S. Attorney, Fresno, CA,
for Plaintiff-Appellee.

Carolyn D. Phillips, Esq., Fresno, CA,
for Defendant-Appellant.

* The Honorable James C. Mahan, United States
District Judge for the District of Nevada, sitting by designation.

Before: THOMAS and W. FLETCHER, Circuit Judges, and MAHAN,* District Judge.

## MEMORANDUM **

Appellant Marcelone Hughes appeals from a 255–month sentence. Hughes was indicted on the following counts: armed bank robbery of Bank of the West in violation of 18 U.S.C. §§ 2113(a) and (d) (Count One); brandishing a firearm during a crime of violence on August 13, 2002 in violation of 18 U.S.C. § 924(c)(1) (Count Two); armed bank robbery of Golden One Credit Union in violation of 18 U.S.C. § 2113(a) and (d) (Count Three); brandishing a firearm during a crime of violence on August 26, 2002 in violation of 18 U.S.C. § 924(c)(1) (Count Four); narcotics user in possession of a firearm in violation of 18 U.S.C. § 922(g)(3) (Count Five); possession of cocaine base in violation of 21 U.S.C. § 844(a) (Count Six); and, possession of marijuana in violation of 18 U.S.C. § 844(a) (Count Seven).

Count Six was dismissed before trial. After a three-day jury trial Hughes was found guilty of Counts Three, Four, Five, and Seven. The jury hung as to Counts One and Two. Thereafter, Hughes pleaded guilty to Count One; in exchange the government dismissed Count Two. Hughes was sentenced to 255 months in prison. The term consisted of 135 months as to Counts One and Three, 120 months as to Count Five, and 24 months as to Count Seven, all to be served concurrently with each other, and a consecutive sentence of 120 months for Count Four.

Hughes claims that there was insufficient evidence to support the Count

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Three armed bank robbery charge. We review de novo a claim of sufficiency of the evidence where the defendant has preserved the claim by making a motion for acquittal at the close of the evidence. *United States v. Munoz*, 233 F.3d 1117, 1129 (9th Cir.2000). Pursuant to such a review the "court must review the evidence presented against the defendant in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Leos-Maldonado*, 302 F.3d 1061, 1063 (9th Cir.2002).

A violation of 18 U.S.C. § 2113(a) occurs when a person "by force, and violence, or by intimidation, takes, or attempts to take, from the person or presence of another . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession, of any bank, credit union, or any savings and loan association[.]" A violation of 18 U.S.C. § 2113(d) occurs when a person "in committing . . . any offense defined in subsection[ ] (a) . . . assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device[.]" There was sufficient evidence to support the Count Three armed bank robbery charge. The government presented the testimony of a witness who identified Hughes as one of the men the witness saw in the getaway car minutes before the robbery. In addition, bait bills from the robbery were found in Hughes's possession.

 Hughes also claims that the district court's failure to give a sua sponte instruction on unarmed bank robbery was in error. Such an alleged failure is reviewed for plain error. *United States v. Klinger*, 128 F.3d 705, 710 (9th Cir.1997). To establish entitlement to a lesser-included offense Hughes must show: (1) that the offense on which instruction is sought is a lesser-included offense of the crime charged; and (2) that the jury could rationally conclude that Hughes was guilty of the lesser included offense but not of the greater. *United States v. Pedroni*, 958 F.2d 262, 267–68 (9th Cir.1992).

Though it is clear that unarmed bank robbery is a lesser-included offense of armed bank robbery, *see United States v. Dinkane*, 17 F.3d 1192, 1198 (9th Cir. 1994), based on the facts of this case the jury could not rationally have concluded that Hughes was guilty of unarmed bank robbery but not armed bank robbery. Video surveillance shows that there were two robbers and the robbers were armed. A witness saw two people, one of whom was identified as Hughes, outside of the bank minutes before the robbery.

Finally, Hughes raises several challenges to his sentence. We review a defendant's sentence for "unreasonableness." *United States v. Booker*, 543 U.S. 220, 261–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). First, Hughes argues that his mandatory minimum sentence of 120 months for Count Four cannot stand post-*Booker* because the sentence was imposed based on judicial fact finding. Hughes acknowledges that the Supreme Court in *Harris v. United States*, 536 U.S. 545, 568–69, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (plurality), upheld mandatory minimums. However, Hughes argues that *Harris* has been abrogated by *Booker*. This court expressly rejected this argument in *United States v. Dare*, 425 F.3d 634, 641 (9th Cir.2005).

Second, Hughes argues that the concurrent sentences imposed for Counts One, Three, Five and Seven are unconstitutional because they were imposed at a time when the Guidelines were mandatory. As to Count One, Hughes waived his right to appeal. This waiver was valid even though

*Booker* had yet to be rendered. *United States v. Pacheco–Navarette,* 432 F.3d 967, 970 (9th Cir.2005). As to Counts Three, Five and Seven Hughes has not waived his right to appeal. But because Hughes's sentence on Count One is not appealable, and is concurrent with the equal or lesser sentences on Counts Three, Five and Seven, a remand for possible resentencing on Counts Three, Five and Seven under *United States v. Ameline,* 409 F.3d 1073, 1074 (9th Cir.2005) (en banc), would serve no purpose. We therefore affirm Hughes's 135–month sentence, to run consecutively with his 120–month sentence on Count Four.

AFFIRMED.

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.