

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0435-11

### JOSHUA LEE GOAD, Appellant

### v.

### THE STATE OF TEXAS

### ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE ELEVENTH COURT OF APPEALS
### ECTOR COUNTY

**ALCALA, J.,** filed a concurring opinion.

### CONCURRING OPINION

I write separately to address (1) why the standard of review that appellate courts should apply when reviewing the trial court's decision to give or to refuse an instruction on a lesser-included offense is abuse of discretion, (2) how the abuse-of-discretion standard should be applied by appellate courts depending on whether the trial court's decision is based on direct evidence of a lesser-included offense or on circumstantial evidence, and (3) why I believe the trial court abused its discretion by denying the lesser-included-offense instruction in this case. Although we have repeatedly explained the substantive test that trial

courts must apply in deciding whether to give a lesser-included-offense instruction, our Court has failed to clearly state and consistently apply the appellate standard of review for determining whether the trial court erred in that decision. This is problematic because the review standard determines the strength of the lens through which an appellate court may examine an issue on appeal. *See* RUGGERO J. ALDISERT, OPINION WRITING 53 (West Publishing Co. 1990) (explaining that "[s]tandards of review are critically important in appellate decision making" and elevating "the necessity of stating the review standard to a question of minimum professional conduct."). The question of what standard of review applies is, therefore, relevant in every case, as the amount of deference owed to a trial court's decision affects appellate analysis and is often outcome determinative. For example, what might be considered error under a *de novo* standard of review might not be considered error under an abuse-of-discretion standard.

I do not join the majority opinion because it fails to specify whether it is reviewing the trial court's denial of the lesser-included-offense instruction under the second prong for an abuse of discretion. I believe our opinions should clearly and consistently specify that we review a trial court's decision under the second prong for an abuse of discretion and that we will not reverse that decision unless it is outside the zone of reasonable disagreement. I also conclude that the amount of deference that an appellate court owes a trial court under the abuse-of-discretion standard may be affected depending on whether the evidence

supporting the lesser-included offense is direct evidence or indirect, circumstantial[1] evidence. I conclude that, in this case, the trial court did abuse its discretion by refusing to give the lesser-included-offense instruction.

### I. Standard of Review Applicable to Lesser-Included-Offense Instructions

The standard of review applicable to lesser-included-offense instructions depends on which of the two substantive prongs the court is reviewing. The substantive two-pronged test for determining whether a trial court is required to instruct on a lesser-included offense is well established: the first prong requires that the lesser-included offense be included within the offense charged, and the second prong requires that there be some evidence that would permit a jury to rationally find that if a defendant is guilty, he is guilty only of the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993); *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007). We have explicitly stated that the first prong is a matter-of-law determination, and, therefore, *de novo* review is appropriate. *See Hall*, 225 S.W.3d at 535. On a couple of occasions, our Court explicitly described appellate review of

---

[1] Because the law uses the terms "circumstantial evidence" and "indirect evidence" interchangeably, I refer to evidence that is based on inference and not on personal knowledge or observation as "circumstantial evidence." *See* BLACK'S LAW DICTIONARY 595 (8th ed. 2004); *Shippy v. State*, 556 S.W.2d 246 (Tex. Crim. App. 1977) (Phillips, J., concurring) ("We have three classes of evidence: (1) Direct or testimonial evidence; (2) indirect or circumstantial evidence; (3) autoptic preference, or real evidence.") (internal quotations omitted).

the second prong as abuse of discretion.[2] But we have never explained why this is the appropriate standard of review for that prong nor how that standard affects our analysis of that prong. Furthermore, our Court is inconsistent in its explicit application of the abuse-of-discretion standard for reviewing the second prong, and we usually, as here, do not mention what standard of review we are applying in our lesser-included-offense-instruction decisions. *See, e.g., Sweed v. State*, No. PD-0273-10, 2011 Tex. Crim. App. LEXIS 1395 (Tex. Crim. App. Oct. 19, 2011) (not yet reported). For these reasons, an intermediate appellate court attempting to abide by this Court's authority would find this Court's precedent unclear concerning the standard of review applicable to the second-prong analysis.

Federal courts, which apply the same substantive two-pronged test in evaluating instructions on lesser-included offenses,[3] apply the same two standards of review that our Court has expressly applied intermittently in the past, and I agree that they are the appropriate

---

[2]    Although we have never discussed what standard of review we apply in analyzing trial-court rulings on lesser-included instructions, we have, in at least one case, concluded that the "trial court did not abuse its discretion in concluding that there was no evidence that would permit a jury rationally to find that appellant" was guilty only of the lesser-included offense. *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004); *see also Gongora v. State*, No. AP-74,636, 2006 Tex. Crim. App. LEXIS 2531 (Tex. Crim. App. Feb. 1, 2006) (not designated for publication) ("The trial court did not abuse its discretion in refusing to give the lesser-included offense instruction."). Moreover, we have never explicitly stated that we apply a review standard other than an abuse-of-discretion standard.

[3]    *See United States v. Mays*, 466 F.3d 335, 341 (5th Cir. 2006) ("A defendant is entitled to a lesser-included-offense instruction if '(1) the elements of the lesser offense are a subset of the elements of the charged offense (statutory elements test), and (2) the evidence at trial permits a rational jury to find the defendant guilty of the lesser offense yet acquit him of the greater.'") (quoting *United States v. Avants*, 367 F.3d 433, 450 (5th Cir. 2004)).

standards.[4] I also believe that, like many of the opinions by federal courts, our opinions should consistently specify what standard of review we are applying and how the applicable standard affects our analysis of the purported error.

In examining the evidence under the second prong, the trial court examines the record in two ways:  It looks for any evidence that tends to show that the defendant is guilty only of a lesser-included offense, and it also examines all the evidence to determine whether the lesser offense is a rational alternative to the greater offense.  *See Rousseau*, 855 S.W.2d at 672-73.  As to the former, the trial court initially determines if there is any evidence, credible or not, from any source that shows that the defendant is guilty of the lesser offense and not guilty of the greater offense.[5]  The trial court does not weigh the credibility of the evidence

---

[4]      We followed the federal standard in imposing a rationality requirement to the second prong of the test. *See Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993) (citing *Cordova v. Lynaugh*, 838 F.2d 764, 767 (5th Cir. Tex. 1988)).  It is thus appropriate to look to the circuit courts' standard for reviewing that prong, which is an abuse of discretion. *See*, *e.g.*, *Mays*, 466 F.3d at 341-42 ("The first prong of this test, examining the elements, is reviewed *de novo*, while the second prong, evaluating the sufficiency of the evidence for a finding of guilt on the lesser-included offense, is reviewed for abuse of discretion."); *United States v. Mullins*, 613 F.3d 1273, 1284 (10th Cir. 2010) (same); *United States v. Pedroni*, 958 F.2d 262, 268 (9th Cir. 1992) ("The district court's decision whether a jury rationally could conclude that the defendant was guilty of the lesser offense and not guilty of the greater is reviewed for abuse of discretion. In reviewing for abuse of discretion this court must consider the instructions as a whole and in the context of the entire trial.").

[5]      Our cases have uniformly held that a defendant is entitled to an instruction on a lesser-included offense if evidence from any source affirmatively raises the issue, regardless of whether the evidence is "strong, weak, unimpeached, or contradicted." *Bell v. State*, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985); *Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994) ("[T]he jury is the sole judge of the credibility of the witnesses, and it does not matter whether the evidence is strong, weak, unimpeached or contradicted."); *Jones v. State*, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998) (same).  Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007); *Ferrel v. State*, 55 S.W.3d 586, 589 (Tex. Crim. App. 2001).  A defendant's testimony alone is sufficient to raise an issue. *Bell*, 693

for the purpose of deciding whether to give the instruction and must presume that the evidence is true. *See Young v. State*, 283 S.W.3d 854, 875-76 (Tex. Crim. App. 2009) ("The credibility of the evidence and whether it conflicts with other evidence or is controverted may not be considered in determining whether an instruction on a lesser-included offense should be given."). Because the trial court does not make any credibility determinations and must consider all evidence regardless of its quality, this portion of the second-prong analysis strictly concerns a matter of law. *De novo* review is, therefore, appropriate because minimal deference to the trial court's assessment of the evidence is necessary. *Compare Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997).

But the second prong also requires the trial court to examine the rationality of the lesser offense as an alternative to the greater offense. *See Rousseau*, 855 S.W.2d at 672-73. After examining the record for all evidence that tends to establish a lesser offense, a trial court, presuming the truth of all the evidence, must then decide whether the evidence supports the lesser offense as a valid, rational alternative to the charged offense. *See Feldman v. State*, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002). A trial court determines whether a lesser offense is a valid, rational alternative to the charged offense by examining the evidence tending to support the lesser offense in the context of all the evidence that has been presented

---

S.W.2d at 442; *Mitchell v. State*, 807 S.W.2d 740, 742 (Tex. Crim. App. 1991). Furthermore, the trial court does not "determine the weight to be given the evidence; rather it is the jury's duty, under proper instruction, to determine whether the evidence is credible and supports the lesser included offense." *Moore v. State*, 969 S.W.2d 4, 11 (Tex. Crim. App. 1998); *see also Saunders v. State*, 913 S.W.2d 564, 571 (Tex. Crim. App. 1995) (observing that whether "guilty only" evidence is compelling has not been considered in determining whether trial court erred in refusing instruction).

at trial. *Id*. Although the trial court presumes the credibility of all the evidence in deciding whether to instruct on a lesser-included offense, it is still in a better position than the appellate court to assess the evidence and determine whether the lesser-included offense is a rational alternative to the offense charged. This is because, unlike the appellate court, the trial court has the benefit of examining the physical appearance, demeanor, and cadence of speech of the witnesses and determining whether testimony is sarcastic, vague, or otherwise lacks clarity. *See Guzman*, 955 S.W.2d at 87. Because the trial court received the evidence firsthand, the appellate court should review the trial court's decisions under the second prong only for an abuse of discretion.[6]

## II. Evaluation of Types of Evidence Under the Abuse-of-Discretion Standard

The amount of deference appellate courts give to the trial court's decision will vary depending on whether they are reviewing a record that contains (A) direct evidence of a lesser-included offense or (B) circumstantial evidence from which inferences may be drawn.

### A. Direct Evidence of a Lesser-Included Offense

When the record contains direct evidence, such as a defendant's statements that he committed an act recklessly and not intentionally or knowingly as charged, the trial court

---

[6] Our opinions discuss the abuse-of-discretion standard in jury instructions in other contexts. *See*, *e.g.*, *Woods v. State*, 152 S.W.3d 105, 115 (Tex. Crim. App. 2004) (inclusion of a "*Geesa* instruction" in jury charge); *Paredes v. State*, 129 S.W.3d 530, 538 (Tex. Crim. App. 2004) (denial of appellant's request for accomplice-witness instruction). We have explained that if the trial court is in "an appreciably better position than the reviewing court" to make a determination, deference to the trial court is appropriate. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997); *see also Villarreal v. State*, 935 S.W.2d 134, 139 (Tex. Crim. App. 1996) (McCormick, P.J., concurring).

must presume that these statements are true for jury-charge purposes. This evidence raises the lesser-included offense of reckless conduct as a valid, rational alternative to the charged offense because it is some evidence that the defendant possessed a lesser culpable mental state than that alleged in the indictment. The trial court, therefore, must instruct on the lesser-included offense. When any evidence in the record directly supports a lesser-included offense and a lack of guilt on the greater offense, I believe that failure to give the lesser-included instruction is almost always erroneous. *See Young*, 283 S.W.3d at 875-76; *Moore v. State*, 969 S.W.2d 4, 11 (Tex. Crim. App. 1998).

Although case law discussing direct evidence of a lesser-included offense almost always requires the lesser instruction, it does appear that we have applied an abuse-of-discretion standard of review in this situation on at least one occasion. In *Mathis v. State*, we held that Mathis's testimony was not evidence upon which a jury could rationally find that he possessed a less culpable mental state than that alleged in the indictment. 67 S.W.3d 918, 925 (Tex. Crim. App. 2002). Mathis testified that "he acted 'recklessly' with the gun and did not intend to kill anyone." *Id*. Noting that "his testimony about the shootings was fraught with inconsistencies," we determined that his testimony did "not amount to evidence upon which a jury could rationally find [he] *only* acted recklessly with respect to killing [the complainant], and not intentionally." *Id*. at 925-26. We observed that, when Mathis killed the complainant, he had already shot and killed a different complainant with two shots to the head and that he had "vacillated" in admitting that he had aimed and fired the gun. *Id*. at 925.

Importantly, we concluded that, "[a]part from appellant's own testimony that he did not intend to kill anyone, there was no other evidence in support of such theory, and in fact the evidence refuted that testimony." *Id*. at 926.[7]

Although we did not explicitly state in *Mathis* that we were reviewing the trial court's rationality determination for an abuse of discretion, I believe that is the standard we implicitly applied when we declined to find that the trial court erred. *See id*. I believe that, in *Mathis*, the trial court should have given the lesser-included-offense instruction for reckless intent based on the appellant's direct testimony that he had that intent. *See id*. However, I also believe that the trial court's ruling was within the zone of reasonable disagreement because the trial court could have reasonably determined that Mathis's testimony about his reckless intent, even presuming that the testimony was credible, did not provide a valid, rational alternative to the greater charged offense in light of the entire circumstances of the offense shown in the record. *See id*. *Mathis* is one of those rare cases

---

[7]     *Mathis* relies on an earlier decision by our Court in *Wesbrook v. State*, 9 S.W.3d 103 (Tex. Crim. App. 2000). *Mathis v. State*, 67 S.W.3d 918, 925 (Tex. Crim. App. 2002). In *Wesbrook*, we similarly stated, "The only contrary evidence that this was not an intentional or knowing act is appellant's own assertion that he did not intend to kill. In light of all the evidence in the record, this was not evidence from which a jury could rationally conclude that appellant was guilty only of aggravated assault." *Wesbrook*, 9 S.W.3d at 113-14. But in *Wesbroo*k, the defendant denied any intent to kill as compared to *Mathis*, in which the defendant claimed he acted only recklessly. *See Mathis*, 67 S.W.3d at 925; *Wesbrook*, 9 S.W.3d at 113-14. *Mathis*, therefore, appears to be the only case from this Court, in which direct testimony describing a lower mental state did not require a lesser included-offense-instruction on the lower mental state. *Compare Mathis*, 67 S.W.3d at 925.

in which a trial court would not abuse its discretion either by giving or not giving a lesser-included-offense instruction. *See id*.

Although *Mathis* presents an exception to the rule, the general rule should be that direct evidence of a lesser mental state is evidence supporting a lesser-included offense as a rational alternative to a greater offense because the credibility of all the evidence in the record must be presumed for purposes of giving a jury instruction. I conclude that, although an appellate court should limit its review of a trial court's rationality determination to an abuse of discretion, a trial court is entitled to less deference when the record contains direct evidence of a lesser culpable mental state.

## B. Circumstantial Evidence Supports a Lesser-Included Offense

Circumstantial evidence of a defendant's culpable mental state requires a trial court to determine what inferences a jury may reasonably draw from that evidence. Because inferences drawn from circumstantial evidence are more subjective than conclusions drawn from direct evidence, I believe that an appellate court should defer to a trial court's determination as long as it is within the zone of reasonable disagreement.

If a record contains only circumstantial evidence of deliberate conduct, such as evidence that a victim was shot repeatedly, the State may properly rely on that evidence to establish that the defendant's acts were intentional. *See Gardner v. State*, 306 S.W.3d 274, 285 (Tex. Crim. App. 2009) (State may prove "criminal culpability by either direct or circumstantial evidence, coupled with all reasonable inferences from that evidence."). But

can a defendant rely on that same circumstantial evidence to establish that he acted with some lesser culpable mental state? I believe that the answer to this question is sometimes: sometimes circumstantial facts raise an offense with a less culpable mental state as a valid, rational alternative to the charged offense, and sometimes they do not. It is in these instances that a trial court is charged with the challenging task of determining whether the facts show a valid, rational alternative to the charged offense.

Recently, in *Sweed v. State*, our Court held that the trial court erred by failing to give a lesser-included-offense instruction of theft in a case in which the appellant was charged with aggravated robbery. *Sweed*, 2011 Tex. Crim. App. LEXIS 1395, at *17. The central issue at trial was whether the appellant pulled a knife on the complainant during, or in immediate flight after, the commission of the theft. *Id.* at *15. The record contained evidence of a fifteen- to thirty-minute delay between the appellant's flight following his commission of the theft and the appellant's use of the knife, as well as intervening activities that could support a rational inference that he was no longer fleeing from the theft when he used the knife. *Id.* at *15-16. We determined that there was more than a scintilla of evidence from which the jury could have reasonably determined that theft was a valid, rational alternative to aggravated robbery. *Id.* *Sweed* shows that a trial court, without deciding the credibility of the evidence, must evaluate the circumstantial evidence and assess whether a jury could rationally decide that those facts show guilt of only a lesser offense.

But our Court's earlier decisions can seem contrary to this position. As the State points out in this case, we have held that a lesser-included instruction is not required when the basis for the instruction is merely a factfinder's disbelief of certain evidence necessary to prove a greater offense. *See Hampton v. State*, 109 S.W.3d 437, 440-42 (Tex. Crim. App. 2003) (rejecting State's argument that since knife, which was necessary to prove aggravating element, was never recovered, jury's finding of guilt for sexual assault was valid rational alternative to charged offense, explaining that it is not enough that jury may disbelieve crucial evidence pertaining to greater offense); *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997), *cert. denied*, 523 U.S. 1079 (1998) ("It is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. Rather, there must be some evidence directly germane to a lesser-included offense for the factfinder to consider before an instruction on a lesser-included offense is warranted."). We reaffirmed that position in *Sweed*. 2011 Tex. Crim. App. LEXIS 1395, at *16-17. I agree that mere disbelief of evidence necessary to establish a greater offense would not require a lesser-included offense instruction. *See id*.

Contrary to the State's position, there is a line to be drawn here. In one case, the defendant is asking for a lesser-included-offense instruction by arguing that certain evidence necessary to prove the greater offense is not credible or true. *See Hampton*, 109 S.W.3d at 440-42. In another case, the defendant is asking for a lesser-included-offense instruction by presuming the truth of all the evidence presented at trial and arguing that a jury could

reasonably infer either that the evidence shows a lesser offense or a greater offense. *See Sweed*, 2011 Tex. Crim. App. LEXIS 1395, at *16-17. These cases show that there is a line to be drawn between a record that shows mere disbelief of certain evidence necessary to prove a greater offense, which would not require a lesser-included-offense instruction, and a record that contains circumstantial evidence from which a factfinder could reasonably infer either a greater or a lesser mental state, which would require the lesser instruction.

I conclude that when an appellate court is reviewing a trial court's determination as to the rationality of the inferences reasonably drawn from circumstantial evidence, the appellate court should give great deference to the trial court's decision because the trial court has the benefit of firsthand examination of witness testimony. *See Guzman*, 955 S.W.2d at 87. Because reasonable minds may frequently differ on what inferences may properly be drawn from circumstantial evidence, appellate courts should defer to the trial court's rationality determination when it is within the zone of reasonable disagreement.

### III.    Analysis of This Case

This case presents the scenario described in the circumstantial-evidence example in which all the evidence in the record is presumed to be true. Appellant is not relying on disbelief of evidence necessary to establish the greater offense, but is instead accepting the truth of all the evidence for the purpose of the lesser-included-offense instruction. The question here is whether the trial court erred in refusing to instruct on the lesser-included offense of trespass.

As the court of appeals correctly observes, the only distinction between criminal trespass and burglary of a habitation is the defendant's mental state: the latter requires proof of intent to commit a felony, theft, or an assault, and the former does not. *See* TEX. PENAL CODE §§ 30.02(a)(1) & 30.05(a). Appellant did not testify at trial, and the record contains no direct evidence of his mental state when he entered the complainant's home. Rather, the only evidence of appellant's mental state is circumstantial: the record shows that appellant—the complainant's neighbor—and a friend went to the complainant's home, knocked on the door, and accused her of having one of appellant's dogs.[8] The complainant refused appellant's request to allow him to search the house for his pit bull, which the complainant denied having, and appellant "got really upset" and called her several "choice words." Appellant left, and then the complainant moved the car of a visiting friend out of view so it appeared that no one was home. Moments later, the complainant, sitting in her kitchen, saw appellant attempting to enter her house through the living room window. The complainant rushed to the window, slammed it shut, and appellant fled.

In deciding whether the trial court properly refused the lesser-included instruction, we must determine whether, in light of all the evidence presented at trial, the trial court's decision is outside the zone of reasonable disagreement. Based on this circumstantial evidence, the trial court could have determined that a jury could have rationally believed that appellant's initial request for the dog was a ruse to determine if anyone was home and that

---

[8] At trial, the complainant, a professed animal lover, testified that dog fighting routinely occurred in appellant's backyard and that she "did not care for him at all."

he later entered with the burglarious intent to commit theft. This evidence supports the greater offense. *See Gardner*, 306 S.W.3d at 285. The trial court also could have determined that a jury could have rationally believed that appellant's initial request for the dog is evidence of his intent to enter the house to search for his own property and not to commit theft. This evidence supports the lesser-included offense. Because both inferences are reasonable, the evidence establishes either guilt for the charged offense of burglary or guilt for only the lesser offense of trespass.

The question is not what our Court would have decided based on a *de novo* review of the record. The question instead is whether any trial-court judge could have reasonably decided that there was no evidence to rationally support a finding of only trespass. I conclude that no trial court could reasonably determine that a jury would be irrational in finding that appellant lacked burglarious intent and, therefore, was guilty only of trespass. Although we should generally defer to a trial court's determination as to what inferences a jury may reasonably draw from circumstantial evidence, the record here shows that the trial court abused its discretion in its determination. In light of all the evidence presented at trial, the trial court's decision not to instruct on the lesser-included offense of trespass was outside the zone of reasonable disagreement.

## IV. Conclusion

I believe that the better practice is for trial courts to instruct the jury on all lesser-included offenses when the defendant has stated that he had a lesser culpable mental state or

when the only evidence of a defendant's culpable mental state is circumstantial and that evidence provides a basis for a jury to rationally find a lesser culpable mental state. But I also believe that appellate courts must review a trial court's decision to give or to refuse an instruction on a lesser-included offense only for an abuse of discretion and find error only when the trial court's ruling is outside the zone of reasonable disagreement. Because I conclude that the trial court did abuse its discretion in its determination as to the second prong, I concur with the result in this case.

Alcala, J.

Filed: November 9, 2011
Publish