## IN THE SUPREME COURT OF TENNESSEE

## AT JACKSON

| | | |
|---|---|---|
| LAMAR FLETCHER, | ) | FOR PUBLICATION |
| | ) | |
| Claimant / Appellant, | ) | FILED: _____ |
| | ) | |
| v. | ) | TENNESSEE CLAIMS |
| | ) | COMMISSION |
| STATE OF TENNESSEE, | ) | |
| | ) | No. W1998-00120-SC-R11-RL |
| Defendant / Appellee. | ) | |

**FILED**

**December 20, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

For the Appellant:
Lamar Fletcher, *pro se*
Henning, Tennessee

For the Appellee:
John Knox Walkup
Attorney General & Reporter

Michael E. Moore
Solicitor General

Elena J. Xoinis
Assistant Attorney General
Nashville, Tennessee

## OPINION

| | |
|---|---|
| COURT OF APPEALS | |
| AFFIRMED | BARKER, J. |

In this appeal we address two primary issues: (1) whether an indigent party is liable for payment of outstanding litigation taxes levied under Tennessee Code Annotated section 67-4-602 (1998), and (2) whether the Tennessee Department of Correction had authority to withdraw money from an inmate's trust account to pay a distress warrant. For the reasons stated herein, we hold that indigent parties become liable for litigation taxes when taxed by the court and that the Tennessee Department of Correction has the authority to deduct money from an inmate trust fund to satisfy a distress warrant. We affirm the judgment of the Court of Appeals.

## BACKGROUND

The appellant, Lamar Fletcher, is an inmate in the Cold Creek Correctional Facility in Henning, Tennessee. In October of 1996, the appellant filed a lawsuit in the Davidson County Chancery Court, and a litigation tax in the amount of $23.75 was assessed against him. Due to the indigence of the appellant, the chancellor allowed the appellant to proceed in forma pauperis, and the appellant never paid the litigation tax.[1]

Upon the appellant's failure to pay the litigation tax, the Clerk and Master of the Davidson County Chancery Court issued a distress warrant pursuant to Tennessee Code Annotated section 67-4-215 for collection of the tax. On July 15, 1997, the local sheriff presented the accountant clerk at the Cold Creek Correctional Facility with the distress warrant, and the clerk deducted $44.90 from the appellant's inmate trust fund account to satisfy the warrant.[2]

---

[1] Although not relevant to decide the issues presented in this appeal, the record gives no indication of the nature, claim, or final disposition of the chancery court case.

[2] The total amount listed in the distress warrant included (1) the litigation tax of $23.75; (2) a penalty in the amount of $5.94; (3) interest amounting to $3.31; and (4) a collection fee for the sheriff in

The appellant then filed a claim against the State of Tennessee with the Tennessee Claims Commission alleging that officers of the Department of Correction (TDOC) abused their authority and misapplied state law by removing the litigation tax and other monies from his trust account. The State filed a motion for summary judgment with the Claims Commission alleging that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law. The Claims Commission granted the State's motion finding that the appellant was liable for the litigation taxes and that the withdrawal of the money from the account was authorized by statute.

The appellant then sought review in the Court of Appeals, which affirmed the grant of summary judgment in favor of the State. The appellant now appeals to this Court arguing that indigent litigants are not liable for litigation taxes under Tennessee Supreme Court Rule 29 and that the officers from the Department of Correction lacked authority to remove the money from his inmate trust account. We disagree and affirm the judgment of the Court of Appeals.

**ANALYSIS**

The appellant argues that Supreme Court Rule 29 relieves indigent litigants from the responsibility of paying litigation taxes. Rule 29 states in relevant part that

> Pursuant to T.C.A. § 20-12-127(a), any civil action may be commenced by a resident of this state without giving security as required by law for costs and without the payment of litigation taxes due by filing the oath of poverty set out in the statute and by filing an affidavit of indigency as prescribed by court rule.

the amount of $12.00.

3

We note that neither the plain language of this Rule, nor the plain language of Tennessee Code Annotated section 20-12-127(a) (Supp. 1999),[3] contemplates that indigent litigants are permanently relieved from their responsibility to pay litigation taxes. Rather, Rule 29 and section 20-12-127(a) only contemplate that an indigent litigant will not be denied access to the courts to <u>commence</u> a civil action solely because of an inability to pay litigation taxes.

The appellant has overlooked Tennessee Code Annotated section 20-12-127(b), which strips away any merit to his argument on this point. This section states that "[t]he filing of a civil action without paying the costs or taxes or giving security for the costs or taxes does not relieve the person filing the action from responsibility for the costs or taxes but suspends their collection until taxed by the court." Tenn. Code Ann. § 20-12-127(b) (Supp. 1999). Where the language of a statute is plain and unambiguous, this Court is not at liberty to apply a construction apart from the words of the statute. See <u>Hawks v. City of Westmoreland</u>, 960 S.W.2d 10, 16 (Tenn. 1997). We cannot conceive of any statute that could be more clear or unambiguous, and according to the plain language of the statute, an indigent litigant is never permanently relieved from the duty of paying litigation taxes, although such payment may be deferred. Consequently, the appellant's argument is without merit.

The appellant also contends that because of his indigence, the TDOC was without authority to withdraw funds from his inmate trust account to pay the distress warrant. We disagree. Tennessee Code Annotated section 20-12-144(a) (1994) states that the clerk of the court to whom a litigation tax is owed "may retain an agent to collect or institute proceedings to collect such cost or taxes, or both." One method

---

[3] Tennessee Code Annotated section 20-12-127(a) (Supp. 1999) states that "[a]ny civil action may be commenced by a resident of this state without giving security as required by law for costs and without the payment of litigation taxes . . . ."

by which a clerk may collect outstanding litigation taxes is through issuance of a distress warrant that is addressed and delivered to the sheriff or constable of the county in which "property of such taxpayer may be found." See Tenn. Code Ann. § 67-1-1201(b) (1998). Once the sheriff or constable receives the distress warrant, that officer may "execute it by distraint and sale of personal property belonging to the taxpayer." See id. § 67-1-1202(a) (1998).

No exception is made in either of these statutes that would exempt indigent persons from execution of a distress warrant. Indeed, to imply such an exception in the statute would have the effect of relieving indigent persons from responsibility for payment of litigation taxes, and the General Assembly has clearly indicated that no person is permanently relieved from payment of court costs or litigation taxes. See id. § 20-12-127(b). Although a different case may be presented if the distress warrant were facially invalid or otherwise illegal, the appellant's argument that his indigence alone affects the validity of the warrant has no merit. Because the appellant is not relieved from the responsibility of paying the litigation taxes, we simply fail to see any reason why the TDOC would lack authority in this case to deduct litigation taxes from the appellant's inmate trust fund upon receipt of the distress warrant.

The Court of Appeals relied on Tennessee Code Annotated section 67-4-603(b)(1) to hold that the TDOC had the authority to satisfy the distress warrant from the funds of the inmate trust account. The plain language of this statute, however, seems to restrict its applicability to collection of litigation taxes from a "defendant in a criminal action." See Tenn. Code Ann. § 67-4-603(b)(1) (1998). Because the appellant is not challenging litigation taxes assessed against him originating from his original criminal conviction, section 67-4-603(b)(1) has no bearing on the resolution of this issue.

5

## CONCLUSION

We hold that neither of the appellant's claims has any merit. Tennessee Code Annotated section 20-12-127(b) clearly states that indigence does not relieve a litigant from the responsibility of paying all applicable litigation taxes. We further hold that the TDOC acted within its authority in deducting the taxes from the inmate's trust fund upon receiving the distress warrant. The judgment of the Court of Appeals is affirmed.

Costs of this appeal are taxed to the appellant, Lamar Fletcher, for which execution shall issue if necessary.

_____
WILLIAM M. BARKER, JUSTICE

CONCUR:

ANDERSON, C.J.,
DROWOTA, BIRCH, HOLDER, JJ.