# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 10, 2002

## RANDY J. HENSLEY v. TENNESSEE DEPARTMENT OF CORRECTIONS

**Appeal from the Chancery Court for Davidson County**
**No. 97-2538-I      Irvin H. Kilcrease, Jr., Chancellor**

---

**No. M2001-02721-COA-R3-CV - Filed April 30, 2003**

---

An inmate who was allowed to commence and proceed *in forma pauperis* in this litigation, but who was unsuccessful and had costs taxed against him, appeals the trial court's denial of his motion to quash execution on his trust fund account to collect the costs.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and WILLIAM C. KOCH, JR. J., joined.

Randy J. Hensley, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Nichon Shannon, Assistant Attorney General, for the appellee, Tennessee Department of Correction

## MEMORANDUM OPINION[1]

Mr. Hensley filed a lawsuit against the Department of Correction that was dismissed.  This court affirmed the decision of the trial court.  *Hensley v. Tenn. Dept. of Correction*, No. 01A01-9712-CH-00747, 1999 WL 141065 (Tenn. Ct. App. March 17, 1999).

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

More than a year after remand, Mr. Hensley was sent a bill of costs by the Chancery Court Clerk and Master for costs of the lawsuit he had initiated and lost. Mr. Hensley filed a notice of exempt property pursuant to Tenn. Code Ann.§§ 26-2-102 and 26-2-114. Included in the property he claimed as exempt for execution was the balance of $125.28 in his prisoner trust fund account. Also filed was a certified copy of Mr. Hensley's property list and his trust fund account transactions.

In spite of this claim of exemption, his trust fund account was garnished and Mr. Hensley was notified by the Department that "a total of 50% of all your credits will be deducted until the amount is collected in full." Included in the record is the document issued by the clerk entitled Execution/Garnishment/Levy issued August 17, 2001 in the amount of $188.33. The document refers to Mr. Hensley's attached list of exemptions and was sent to the trust fund coordinator at the institution where Mr. Hensley was incarcerated.

Mr. Hensley later filed a Motion to Quash Execution and Garnishment in which he stated the Department had started an illegal execution and garnishment on his account, taking 50% of his approximate $20.00 per month income to satisfy the bill for court costs. Mr. Hensley argued that the execution and garnishment was illegal because he had specifically declared his trust fund account as exempt under Tenn. Code Ann. §§ 26-2-102 and -114. The trial court denied the motion, finding that "the statute upon which Petitioner relies in support of his argument does not apply in this instance." Mr. Hensley appealed.

Shortly after Mr. Hensley filed his notice of appeal, the Court of Appeals decided in another case that the exemption statute did not apply to judgments for court costs against plaintiffs who proceed *in forma pauperis* because such status merely suspends the payment of costs and does not relieve such a plaintiff from the obligation to pay costs. On appeal, Mr. Hensley asserts that he should be entitled to the benefit of his exemption because prior to that Court of Appeals decision indigent prisoners were afforded the right to claim exempt property in efforts by the courts to collect court costs. The Attorney General's Office, in its brief on behalf of the Department, relies heavily upon the Court of Appeals decision.

The Court of Appeals decision which is at the core of the parties' arguments was designated by the Tennessee Supreme Court as "Not for Citation" when that court denied permission to appeal. *Palmer v. Tennessee Dep't of Corr.*, No. 2000-02351-COA-R#-CV, 2001 WL 1386091, 2001 Tenn. App. LEXIS 837 (Tenn. Ct. App. Nov. 8, 2001) perm. app. denied (Tenn. May 28, 2002).

Under Tenn. R. Sup. Ct. 4(F)(2), if an application for permission to appeal is denied by the Supreme Court with a "Not for Citation" designation, that opinion of the intermediate appellate court "shall not be published in any official reporter nor cited by any judge in any trial or appellate court decision, or by any litigant in any brief, or other material presented to any court . . ."[2] Thus, the *Palmer* decision cannot be relied upon by the Department or by this court.

---

[2]We have cited *Palmer* merely to explain the parties' positions.

In any event, we do not consider the *Palmer* decision and similar decisions following it to have effected a change in the law. There exist no earlier decisions reaching an opposite holding.

It has long been the law that persons who commence a civil action in our courts are required to file a cost bond, Tenn. Code Ann. § 20-12-120, and pay an initial filing fee. Indigent persons who file an appropriate affidavit stating they are entitled to relief but are unable to bear the expense of litigation because of their poverty, Tenn. Code Ann. § 20-12-127, may be excused from the requirement of filing a cost bond. That is how Mr. Hensley proceeded in this litigation, *in forma pauperis.*

However, the ability to proceed with a lawsuit without the prerequisite of filing a cost bond does not relieve a party from liability for costs that may eventually be taxed to him or her. Indigent persons are not excused from paying such costs, the costs are merely held in abeyance. The statute authorizing suit on an affidavit of indigency provides in pertinent part:

> The filing of a civil action without paying the costs or taxes or giving security for the costs or taxes does not relieve the person filing the action from responsibility for the costs or taxes but suspends their collection until taxed by the court.

Tenn. Code Ann. § 20-12-127((b).

Thus, it is well settled that a litigant who is allowed to proceed *in forma pauperis* is not relieved from responsibility for costs or taxes relation to the litigation. *Fletcher v. State*, 9 S.W.3d 103, 105 (Tenn. 1999). Mr. Hensley was taxed with the costs of this litigation which he had been allowed to initiate and pursue without filing a bond for costs. He remains responsible for the costs which were taxed against him.

We find nothing in the personal property exemption from judgment statutes that would preclude the collection of costs assessed against a party who initiated litigation, was allowed to do so without the posting of a bond to ensure payment of the costs resulting from that litigation, and who was unsuccessful in the litigation and had costs lawfully assessed against him.

Consequently, we affirm the trial court's refusal to quash execution. Costs of appeal are taxed to the appellant, Mr. Hensley.

_____
PATRICIA J. COTTRELL, JUDGE