IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 25, 2005

## KELVIN WADE CLOYD v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 4412     Lynn W. Brown, Judge**

---

**No. E2004-02003-CCA-R3-HC - Filed March 10, 2005**

---

The petitioner, Kelvin Wade Cloyd, appeals the summary dismissal of his petition for habeas corpus relief. He alleges that he was denied the effective assistance of counsel, claims that the state knowingly used false testimony during his trial, and asserts that he was erroneously assessed costs. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Kelvin Wade Cloyd, Mountain City, Tennessee, pro se.

Paul G. Summers, Attorney General & Reporter; and John H. Bledsoe and Kathy D. Aslinger, Assistant Attorneys General, for the appellee, State of Tennessee.

**OPINION**

In 1996, the petitioner was convicted of two counts of vehicular homicide and possession of a controlled substance. This court affirmed on direct appeal. See State v. Kelvin Wade Cloyd, No. 03C01-9704-CR-00153 (Tenn. Crim. App., at Knoxville, Apr. 2, 1998), perm. app. denied (Tenn. Dec. 14, 1998). The petitioner filed a timely petition for post-conviction relief, alleging ineffective assistance of counsel and a violation of the requirements of Brady v. Maryland, 373 U.S. 83 (1963). The post-conviction court denied relief and this court affirmed. See Kelvin Wade Cloyd v. State, No. E2003-00125-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Nov. 3, 2003), perm. app. denied (Tenn. Jan. 26, 2004).

On June 3, 2004, the petitioner filed a petition for habeas corpus relief, alleging that his trial counsel was ineffective by failing to inform him of a plea offer and that the state violated his due process rights by utilizing testimony it knew to be false. The trial court summarily dismissed the petition, concluding that the petitioner had failed to establish a claim for habeas corpus relief.

Because he had failed to file an affidavit of indigency, the trial court taxed the costs to the petitioner. In this appeal, the petitioner restates his earlier claims and complains about the assessment of court costs.

A writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition which would afford a means of relief for constitutional violations, such as the deprivation of the effective assistance of counsel, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsome v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1969). A petitioner cannot attack a facially valid conviction in a habeas corpus proceeding. Potts, 833 S.W.2d at 62; State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

The petitioner first asserts that his conviction is void because his trial counsel was ineffective by failing to communicate a plea offer from the state. He also asserts that his right to due process was violated because the state used false testimony. These claims, even if true, would not entitle the petitioner to habeas corpus relief. Instead, they would entitle the petitioner to post-conviction relief, which has a one-year statute of limitations. See, e.g., Newsome, 424 S.W.2d at 189. In consequence, it is our view that the trial court did not err by summarily dismissing the petition. See Passarella v. State 891 S.W.2d 619, 627 (Tenn. 1994) (holding that the trial court may summarily dismiss a petition for writ of habeas corpus when the allegations do not state a cognizable claim); see also Tenn. Code Ann. § 29-21-109.

The petitioner also asserts that the trial court erred by taxing the costs of the proceeding below to him because he is indigent. The state submits that because the petitioner failed to file an affidavit of indigency, the trial court did not abuse its discretion by taxing the costs to the petitioner.

Tennessee Code Annotated section 29-21-125 provides that "[t]he costs of [habeas corpus proceedings], except when otherwise expressly provided, shall be adjudged as the court or judge may think right, and taxed and collected as in other cases." Tenn. Code Ann. § 29-21-125. Our law allows for the commencement of a civil action, including the filing of a petition for writ of habeas corpus, without giving security for the costs and without paying litigation taxes when the petitioner files an oath of poverty and affidavit of indigency. Tenn. Code Ann. § 20-12-127(a). That statute also provides, however, that "[t]he filing of a civil action without paying the costs or taxes or giving security for the costs or taxes does not relieve the person filing the action from responsibility for the costs or taxes but suspends their collection until taxed by the court." Even if the petitioner had filed the necessary documentation to proceed without securing the costs, he would not be exempt from the payment of costs in the trial court on this basis alone. Our supreme court has held as follows:

[N]either the plain language of [Supreme Court Rule 29], nor the plain language of Tennessee Code Annotated section 20-12-127(a) (Supp. 1999), contemplates that indigent litigants are permanently relieved from their responsibility to pay litigation taxes. Rather, Rule 29 and section 20-12-127(a) only contemplate that an indigent litigant will not be denied access to the courts to commence a civil action solely because of an inability to pay litigation taxes.

Fletcher v. State, 9 S.W.3d 103, 106 (Tenn. 1999).

The authority to tax the costs of habeas corpus litigation to the petitioner is within the discretion of the trial court. See Tenn. Code Ann. § 29-21-125. Nothing in our statutory or case law exempts the petitioner from the payment of costs based upon his indigency. As indicated, the petition for writ of habeas corpus was without merit. The issues had been previously litigated in a post-conviction petition. In our view, the trial court did not abuse its discretion under these circumstances by taxing the costs to the petitioner.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE