IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
September 6, 2018 Session

## THOMAS F. MABRY v. BOARD OF PROFESSIONAL RESPONSIBILITY

**Direct Appeal from the Chancery Court for Knox County**
No. 193376-1      Robert E. Lee Davies, Senior Judge

————————————————————

**No. E2018-00204-SC-R3-BP**

————————————————————

Respondent attorney filed a notice with this Court that he was unable to respond to or defend against a disciplinary complaint because he suffered from a disability by reason of a mental illness. Following a formal hearing, a hearing panel concluded that the respondent attorney was not incapacitated from responding to or defending against the complaint against him. Upon its review, the chancery court reached the same conclusion as the hearing panel. The respondent attorney has now filed a direct appeal to this Court. We agree with the hearing panel and chancery court that the attorney has not shown by a preponderance of the evidence that he lacked the capacity, by reason of mental illness, to respond to or defend against his disciplinary complaint.

**Tenn. Sup. Ct. R. 9, § 33.1(d); Judgment of the Chancery Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JEFFREY S. BIVINS, C.J., and CORNELIA A. CLARK, SHARON G. LEE, and HOLLY KIRBY, JJ., joined.

Thomas Fleming Mabry, Asheville, North Carolina, pro se.

William C. Moody, Brentwood, Tennessee, for the appellee, Board of Professional Responsibility of the Supreme Court of Tennessee.

## OPINION

### I. Facts and Procedural History

On October 20, 2015, attorney Thomas F. Mabry filed a notice of disability pursuant to Tennessee Supreme Court Rule 9, section 27.4(a), in which he contended that he was suffering from a disability by reason of mental illness that prevented him from

responding to or defending against the disciplinary proceeding pending against him.[1] Following the procedure outlined in section 27.4(a), this Court placed him on disability inactive status and ordered that a hearing panel conduct an evidentiary hearing to determine whether Mr. Mabry had the capacity to continue to practice law and respond to the disciplinary complaint. *In re Mabry*, No. M2015-02036-SC-BAR-BP (Tenn. Oct. 27, 2015) (per curiam order).

The hearing was held on October 21, 2016. Mr. Mabry testified that he had experienced suicidal ideations in the time leading up to a disciplinary hearing, manifested in the thought that "maybe it might be best if [he] jumped off one of the cliffs . . . where [he] hike[d]." Mr. Mabry explained that he participated in extreme hiking and rappelling and that he was a recovering alcoholic. He testified that, anytime that he had to do anything related to the practice of law, he was "basically in a panic mode." He further testified that he was "very paranoid about what the Board of Professional Responsibility has done and can do to" him and that, when those thoughts entered his mind, it was debilitating. Mr. Mabry also said that the shame associated with disciplinary proceedings "builds up sometimes into thoughts of maybe [he] just would be better off not existing."

In support of his position, Mr. Mabry submitted a letter from a licensed clinical social worker, Doug Ernst, and medical records from the Johnson County Community Health Center. Mr. Mabry's medical records indicate that he has generalized anxiety disorder. Mr. Ernst's letter to counsel for the Board of Professional Responsibility ("the Board") stated what Mr. Mabry expressed during his mental health assessment, including that "Mr. Mabry stated suicidal thoughts only occur when feeling pressured by complaints filed against him as he is attempting to close his law practice." Mr. Ernst wrote that Mr. Mabry did not meet the criteria for admission to the psychiatric hospital and that Mr. Mabry was not experiencing suicidal ideations on the day of the assessment.

On cross-examination, Mr. Mabry testified that he had not taken any antidepressants since 2001. He chose not to take antidepressants because it inevitably led to his drinking alcohol again. He said that his Alcoholics Anonymous meetings were his mental health treatment and that it had been "a long time" since he had seen a medical professional for mental health. Mr. Mabry admitted that he prepared his disability notice himself and that he had recently participated in telephonic depositions, during which he represented himself and cross-examined witnesses.

The Board submitted as evidence emails and letters to and from Mr. Mabry about legal matters in which he was helping friends and former clients. It also submitted pictures posted by Mr. Mabry on social media documenting his outdoor activities.

---

[1] The nature of the disciplinary complaint(s) is not in the record before this Court.

The hearing panel issued its report and recommendation on January 17, 2017, finding that Mr. Mabry was not incapacitated.[2] The panel acknowledged that Mr. Mabry had experienced suicidal ideations but determined that there was no evidence in the record, either from Mr. Ernst, Mr. Mabry's medical records, or anywhere else, "that [he] suffers from a mental infirmity rendering him unable to respond or defend against the pending disciplinary proceeding." Mr. Mabry petitioned the chancery court for review. The chancery court held a hearing and ultimately agreed with the hearing panel. Mr. Mabry then filed a direct appeal to this Court. *See* Tenn. Sup. Ct. R. 9, § 33.1.

## II. Standard of Review

The Tennessee Supreme Court is the source of authority for the Board and its functions. *In re Vogel*, 482 S.W.3d 520, 530 (Tenn. 2016) (citing *Long v. Bd. of Prof'l Responsibility*, 435 S.W.3d 174, 178 (Tenn. 2014)). "As a part of our duty to regulate the practice of law in this state, we have the ultimate disciplinary responsibility for violations of the rules governing our profession." *Hughes v. Bd. of Prof'l Responsibility*, 259 S.W.3d 631, 640 (Tenn. 2008) (citing *Doe v. Bd. of Prof'l Responsibility*, 104 S.W.3d 465, 469–70 (Tenn. 2003)). We examine disciplinary judgments pursuant to this Court's "inherent power" and "essential and fundamental right" to enforce the rules regulating the practice of law. *Vogel*, 482 S.W.3d at 530 (quoting *Hughes*, 259 S.W.3d at 640). Our standard of review is the same as that of the trial court, generally giving deference to the hearing panel's weighing of the evidence and reversing the hearing panel's decision only when the decision is

> (1) in violation of constitutional or statutory provisions; (2) in excess of the hearing panel's jurisdiction; (3) made upon unlawful procedure; (4) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (5) unsupported by evidence which is both substantial and material in the light of the entire record.

Tenn. Sup. Ct. R. 9, § 33.1(b); *see Long*, 435 S.W.3d at 178.

## III. Analysis

The primary issue in this case is whether Mr. Mabry has shown by a preponderance of the evidence that he is suffering from a disability by reason of mental

---

[2] The hearing panel initially filed its report on January 5, 2017, but it revised its report to take into account Mr. Mabry's post-hearing brief that had not been filed properly due to a clerical error on the part of the Board.

illness that makes it impossible for him to respond or defend against the disciplinary complaint lodged against him. Mr. Mabry argues that he has made a sufficient showing via Mr. Ernst's letter and his medical records. He notes that it was difficult to know how to proceed when there was no precedent delineating the quantity/quality of proof necessary to meet the rule's requirement. The Board, on the other hand, contends that the proof presented never addressed Mr. Mabry's ability to defend against the disciplinary complaints and, therefore, Mr. Mabry did not meet his burden.[3] We agree with the Board.

The rule in question is Tennessee Supreme Court Rule 9, section 27.4(a):

(a) If, during the course of a disciplinary investigation or proceeding, the respondent attorney contends that he/she is suffering from a disability by reason of mental or physical infirmity or illness, or because of addiction to drugs or intoxicants, which disability makes it impossible for the respondent attorney to respond to or defend against the complaint, such contention shall place at issue the respondent attorney's capacity to continue to practice law. Disciplinary Counsel, the respondent attorney or the attorney for the respondent attorney shall file in the Nashville office of the Clerk of the Supreme Court a Notice advising the Court of such contention within ten days of learning of the contention, if the Court has not been otherwise notified. The Court thereupon shall enter an order immediately transferring the respondent attorney to disability inactive status for an indefinite period and until the further order of the Court. The Court may take or direct such action as it deems necessary or proper to make a determination as to the respondent attorney's capacity to continue to practice law and to respond to or defend against the complaint, including the examination of the respondent attorney by such qualified medical or mental health experts as the Court shall designate or the referral of the matter to a hearing panel for a formal hearing to determine the respondent attorney's capacity to continue to practice law and to respond to or defend against the complaint. In any such proceeding, the burden of proof shall rest upon the respondent attorney and shall be by a preponderance of the evidence.

This section requires a responding attorney to prove by a preponderance of the evidence that (1) the attorney has a disability, either due to mental/physical illness or due

---

[3] Both parties make other arguments concerning the proof required to meet the burden, and Mr. Mabry also takes issue with the chancery court's order in other respects. However, discussion of these arguments is unnecessary to the resolution of this appeal.

to addiction to drugs or alcohol and (2) the disability makes it impossible for the attorney to respond to or defend against disciplinary complaints. Mr. Mabry submitted proof that he has generalized anxiety disorder and suicidal ideations. Mr. Ernst wrote that Mr. Mabry tied his anxiety and suicidal ideations to his disciplinary proceedings, but Mr. Ernst did not opine whether Mr. Mabry's mental illness had any impact on his capacity to respond to or defend against the disciplinary complaint. Likewise, Mr. Mabry did not testify that his disability made it impossible for him to respond to or defend himself against the disciplinary complaint. Because there is no evidence that Mr. Mabry's disability makes it impossible for him to respond to the disciplinary complaint, we agree with the hearing panel and chancery court that he has not met his burden of proof.

## CONCLUSION

We affirm the chancery court's conclusion that Mr. Mabry has not shown by a preponderance of the evidence that he has a disability making it impossible for him to respond to or defend against disciplinary proceedings. Consequently, we order that his disability inactive status be removed and that any pending disciplinary proceedings against him shall be resolved prior to the effective date of any reinstatement. Mr. Mabry's suspension pursuant to the opinion and the judgment order entered December 30, 2014, in case number E2013-01549-SC-R3-BP, from which he has never sought reinstatement, remains in full force and effect. Costs of this appeal are taxed to Mr. Mabry. *See Fletcher v. State*, 9 S.W.3d 103, 105 (Tenn. 1999).

_____
ROGER A. PAGE, JUSTICE