IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 29, 2021

**SHANE BRUCE v. CAROLYN JACKSON ET AL**

**Appeal from the Circuit Court for Campbell County**
**No. 16843      Michael S. Pemberton, Judge**

_____

**No. E2021-01426-COA-R3-CV**

_____

Because appellant did not timely file a Tenn. Sup. Ct. R. 10B recusal appeal and the order appealed does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; JOHN W. MCCLARTY, J.; AND THOMAS R. FRIERSON, II, J.

Shane Bruce, LaFollette, Tennessee, pro se appellant.

Adam Michael Bullock, LaFollette, Tennessee, for the appellees, Carolyn Jackson, Morgan Jackson, Jessica Jackson, and Joseph McDowell.

**MEMORANDUM OPINION[1]**

On December 2, 2021, the *pro se* appellant, Shane Bruce ("Appellant"), filed in this Court a notice of appeal of an order entered by the Trial Court on November 8, 2021.[2] The

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case,

[2] The notice of appeal states that appellant is appealing a judgment entered on November 5, 2021. The Trial Court Judge signed the order on November 5, 2021, but it was not entered until

Trial Court Clerk notified this Court that no final judgment has been entered in this case and that the November 8, 2021 order is an interlocutory order addressing a motion for recusal.

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed Appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

As this Court explained in our December 6, 2021 show cause Order, an order denying a motion for recusal can be appealed immediately in an "accelerated interlocutory appeal as of right" pursuant to Tenn. Sup. Ct. R. 10B § 2 or can be raised as an issue in a Tenn. R. App. P. 3 appeal as of right following the entry of a final judgment. Tenn. Sup. Ct. R. 10B § 2.01. An "accelerated interlocutory appeal as of right" may be sought by filing a "petition for recusal appeal" with the appropriate appellate court within twenty-one days of the trial court's entry of the order. Tenn. Sup. Ct. R. 10B § 2.02. The time for Appellant to file a timely accelerated interlocutory appeal expired on November 29, 2021. Appellant did not file a timely Tenn. Sup. Ct. R. 10B petition for recusal appeal with the clerk of this court. Rather, on December 2, 2021, he filed a Tenn. R. App. P. 3 notice of appeal as of right. However, a party is entitled to a Tenn. R. App. P. 3 appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable by filing a notice of appeal. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645. Appellant is not entitled to a Tenn. Sup. Ct. R. 10B accelerated interlocutory appeal as of right because he did not file a timely petition for recusal appeal with the clerk of this court.

Appellant responded to our show cause order and conceded that no final judgment has been entered. He further conceded that he did not timely file a Tenn. Sup. Ct. R. 10B petition for recusal appeal. Appellant also filed a motion seeking to have his notice of appeal converted from a Tenn. R. App. P. 3 appeal into a Tenn. R. App. P. 10 extraordinary appeal.

"An appellate court should grant a Rule 10 extraordinary appeal only when the

---

November 8, 2021.

challenged ruling represents a fundamental illegality, fails to proceed according to the essential requirements of the law, is tantamount to the denial of a party's day in court, is without legal authority, is a plain and palpable abuse of discretion, or results in either party losing a right or interest that may never be recaptured." *Gilbert v. Wessels*, 458 S.W.3d 895, 898 (Tenn. 2014). "Rule 10 appeals are reserved only for *extraordinary* departures from the accepted and usual course of judicial proceedings." *Id.* at 898 (emphasis in original).

Even if we were to convert Appellant's Rule 3 appeal into a Rule 10 extraordinary appeal, Appellant has not established that the challenged order constitutes such an extraordinary departure from the accepted and usual course of judicial proceedings that an appeal pursuant to Rule 10 would be warranted. *See, e.g.*, *Kaur v. Singh*, No. W2016-02058-COA-R10-CV, 2017 WL 445149, *7 (Tenn. Ct. App. Feb. 2, 2017) (dismissing Rule 10 appeal as having been improvidently granted where the record established "that the trial court considered the proper statute, the relevant facts, and the arguments advanced by the parties"). As such, we deny the motion to convert this appeal into a Tenn. R. App. P. 10 extraordinary appeal.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc.*, 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). As the November 8, 2021 order does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed.

Appellant also filed a Uniform Civil Affidavit of Indigency, which we construe to be a motion to proceed *in forma pauperis* on appeal. Tennessee Code Annotated § 20-12-127(b) provides: "The filing of a civil action without paying the costs or taxes or giving security for the costs or taxes does not relieve the person filing the action from responsibility for the costs or taxes but suspends their collection until taxed by the court." *See also Fletcher v. State*, 9 S.W.3d 103, 105 (Tenn. 1999) (explaining that "an indigent litigant is never permanently relieved from the duty of paying litigation taxes, although such payment may be deferred."). As costs on appeal are being taxed in this Opinion, the motion to proceed *in forma pauperis* is hereby denied as moot. Costs on appeal are taxed to Appellant, Shane Bruce, for which execution may issue.

**PER CURIAM**