IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 31, 2025

## DR. REGINA JORDAN-SODIQ v. STATE OF TENNESSEE ET AL.

**Appeal from the Circuit Court for Montgomery County**
**No. CC-25-CV-170 Matthew Joel Wallace, Judge**

———————————————————

**No. M2025-02083-COA-T10B-CV**

———————————————————

This appeal stems from a trial court judge's denial of Petitioner's motion to recuse. Petitioner filed this interlocutory appeal pursuant to Tennessee Supreme Court Rule 10B. Discerning no error, we affirm the trial court's denial of the motion to recuse.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Circuit Court Affirmed**

VALERIE L. SMITH, J., delivered the opinion of the court, in which JOHN W. MCCLARTY, P.J., E.S. and W. NEAL MCBRAYER, J., joined.

Dr. Regina Jordan-Sodiq, Clarksville, Tennessee, appellant, *pro se*.

## MEMORANDUM OPINION[1]

### I. FACTS AND PROCEDURAL HISTORY

This Petition for an accelerated interlocutory appeal arises from the denial of Dr. Regina Jordan-Sodiq's ("Petitioner") motion to recuse Judge Matthew Joel Wallace from

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Montgomery County Circuit Court Case No. CC-25-CV-170 ("Case No. 170"). As a preliminary matter, we note that our ability to recite the facts and procedural history of this case is hampered by the grave deficiencies in the petition and appellate record submitted by Petitioner. The petition and record filed by Petitioner with this Court contain multiple issues that impede this Court's ability to review the judgment appealed. These include, but are not limited to, inconsistencies in the dates upon which pleadings were filed and matters were heard, a lack of context for the documents submitted (particularly with respect to certain pleadings filed in a federal court proceeding), and the lack of citations within the petition that might connect Petitioner's allegations to any proof within "appendix"/appellate record.[2] Nevertheless, we soldier on to determine the only issue properly before the Court – whether the trial court erred in denying Petitioner's motion to recuse.

Petitioner's motion to recuse Judge Wallace in Case No. 170 appears to have been filed on December 3, 2025 (the "Motion"). Therein, Petitioner asserted that the trial judge should recuse himself due to statements made and actions taken by the judge in a hearing for a separate lawsuit to which Petitioner was a party. The Motion states as follows:

1. Judge Wallace previously dismissed [Petitioner's] case in a manner that adopted opposing counsel's language and order, creating an appearance of bias and partiality.

2. Judge Wallace has demonstrated hostility toward [Petitioner], including threatening language ("put you behind the door"), yelling at [Petitioner] in open court, and ordering [Petitioner's] removal by security.

3. Judge Wallace cleared the courtroom of public observers by having [Petitioner] be the last and remaining person in the courtroom after presiding over all other cases on the docket, leaving only officers and an individual appearing to record the proceedings, thereby undermining transparency and due process.

4. These actions collectively create an appearance of prejudice and intimidation, such that Judge Wallace's impartiality might reasonably be questioned under Tennessee law and judicial ethics.

Along with her Motion, Petitioner included a document titled "Affidavit of Bias," wherein Petitioner repeated the allegations of bias against the trial court set forth above.

---

[2] The case appealed is Case No. 170 filed by Petitioner in Montgomery County Circuit Court. However, the record also includes – without explanation – pleadings from what appears to be a related matter between Petitioner and the many of the same defendants in the United States District Court for the Western Section of Tennessee (Case No. 3:25-CV-00288). Petitioner has also included pleadings from her federal court case that relate to an appeal to the Sixth Circuit Court of Appeals.

On December 9, 2025, the trial court entered an order denying Petitioner's Motion (the "Order"). The court began by noting the procedural deficiencies in the Motion, which could have served as the basis for the court's denial of the same. Specifically, the court noted that Petitioner failed to affirmatively include any statement that the Motion was not presented for any improper purpose, as is required by Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 1.01. In relevant part, the trial court's order set forth the following:

> The Court first notes that [Petitoner's] recusal motion is procedurally deficient, though, in that Rule 10B of the Supreme Court of Tennessee requires that a motion of this type "shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." [Petitioner's] motion is procedurally deficient in that it lacks any type of statement to this effect.

Nevertheless, "in the interest of judicial economy," the court decided to proceed with a substantive analysis of the claims made in Petitioner's Motion. According to the trial court, the hearing in question (in the other lawsuit) took place on May 30, 2025 (the "Hearing"). The court explained in its Order that it reviewed an audio recording of the Hearing, which lasted approximately sixteen minutes. The court noted that, during the Hearing, "I allowed [Petitioner] extended time to go through documents she brought to the hearing to enable her to . . . answer my questions. As the hearing continued, [Petitioner] tested my patience." The court explained that the actions Petitioner complained of were warranted by the circumstances of that case and concluded that Petitioner had not proven any proper basis for recusal. Petitioner subsequently filed this interlocutory appeal pursuant to Rule 10B.[3]

## II. ISSUE PRESENTED

The only issue that we may review in a Rule 10B appeal is whether the trial court erred in denying the appellant's motion to recuse. *Duke v. Duke*, 398 S.W.3d 665, 668

---

[3] Under Rule 10B §2.05:

> If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court, or may remand to the trial court for the taking of proof and making further findings on matters designated by the appellate court.

We have determined that no answer from Respondent is necessary to our review.

(Tenn. Ct. App. 2012). Under Rule 10B, "we may not review the correctness or merits of the trial court's other rulings." *Id.*

## III. STANDARD OF REVIEW

Appellate review of a trial court's ruling on a motion to recuse is *de novo*. Tenn. Sup. Ct. R. 10B § 2.01. Accordingly, we examine the record anew and review the trial court's conclusions with no presumption of correctness. *Elseroad v. Cook*, 553 S.W.3d 460, 463 (Tenn. Ct. App. 2018).

## IV. LAW AND ANALYSIS

We begin our analysis with the well-settled assurance that "'Tennessee litigants are entitled to have cases resolved by fair and impartial judges.'" *Adams v. Dunavant*, 674 S.W.3d 871, 878 (Tenn. 2023) (quoting *Cook v. State*, 606 S.W.3d 247, 253 (Tenn. 2020)). As our supreme court recently has reiterated:

> To preserve public confidence in judicial neutrality, judges must be fair and impartial, both in fact and in perception. *Cook*, 606 S.W.3d at 253; *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). To these ends, the Tennessee Rules of Judicial Conduct ("RJC") declare that judges must "act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." Tenn. Sup. Ct. R. 10, RJC 1.2. Another provision declares that judges "shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially." *Id.*, RJC 2.2.
>
> To act "impartially" is to act in "absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that may come before a judge." *Id.*, Terminology. "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." *Id.*, RJC 2.11(A).
>
> Rule of Judicial Conduct 2.11 "incorporates the objective standard Tennessee judges have long used to evaluate recusal motions." *Cook*, 606 S.W.3d at 255. "Under this objective test, recusal is required if 'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's

- 4 -

impartiality.'" *Id.* (quoting *Davis [v. Liberty Mut. Ins. Co.,*] 38 S.W.3d [560,] 564–65 [(Tenn. 2001)]).
*Id.*

Additionally, "[a] trial judge has a duty to serve unless the proponent establishes a factual basis warranting recusal." *Id*. at 879 (citations omitted). The party seeking recusal of the judge "bears the burden of establishing that recusal is appropriate and that any alleged acts of bias or prejudice arise from extrajudicial sources rather than from events or observations during the litigation of the case." *Id*. at 878-79 (citations omitted).

We agree with the trial court's initial observation that the Motion might properly be denied due to its failure to affirmatively state that the motion was not presented for any improper purpose, as is required by Rule 10B. See Tenn. Sup. Ct. R. 10B, § 1.01. This language is mandatory, and failure to include it with a motion to recuse can lead to waiver of the recusal request. However, because the trial court, "in the interest of judicial economy," proceeded to address Petitioner's substantive claims of bias, we will do the same.

Petitioner asserts that the trial court erred in denying her Motion by listing various complaints and "irregularities" in the trial court's conduct and alleges that those "reinforce the appearance that the judge had prejudged the matter." Petitioner alleges that Judge Wallace: "used threatening language," stating that he would "put [Petitioner] behind the door;" that he yelled at her in open court; that he "ordered security to remove" her; and that he "clear[ed] the courtroom of observers while leaving officers and a person appearing to record." Although the trial judge noted that he listened to a recording from the Hearing, Petitioner has included no transcripts or other evidence to support her allegations that the court created an "appearance of hostility, intimidation, and partiality." We are able to review the trial court's order denying the Petition, in which it addressed many of these allegations:

> [Petitioner] complains that I cleared the courtroom of public observers by hearing her case last. She couches this complaint as me undermining transparency and due process. This is incorrect. It is true that the courtroom was empty (or nearly empty) of members of the public and that [Petitioner's] case was heard last. [Petitioner's] action was heard last, however because [Petitioner] appeared *pro se* and it is this [c]ourt's general practice on motion days to take up matters with attorneys first. Also, because neither the opposing party nor anyone representing the opposing party was present, I continued to hear other matters before taking up [Petitioner's] action.
>
> [Petitioner] complains that I yelled at her and ordered security to escort her out of the courtroom. I *did* raise my voice at the [Petitioner], particularly after [Petitioner] a.) was unable or unwilling to answer certain

basic questions from me about service of process in her case, b.) was unable or unwilling to follow basic directions from me, and c.) repeatedly interrupted me. After I ruled on her case, [Petitioner] started to become argumentative. I *did* then ask her to exit the courtroom and made sure deputies saw to it that she exit the courtroom.

That day, the [c]ourt heard [Petitioner's] argument and ultimately found, as of that day, [Petitioner] had not effectuated service on the Defendant and, even if she had effectuated service, she was not entitled to relief because of the timing of the hearing.

[Petitioner] complains that I created an appearance of bias and impartiality in that I dismissed her previous action. Ultimately, I did in fact dismiss that action, on the merits, on the Motion to Dismiss of Defendant PennyMac Loan Service (see order entered July 23, 2025, in Case No. CC-25-CV-862, Circuit Court for Montgomery County, Tennessee). That [Petitioner] did not prevail in that action is not a proper basis for recusal.

As an additional point of contention, Petitioner asserts that the trial court should have granted her Motion because "[a]llowing the opposing attorney to draft the dismissal order reinforces the appearance of partiality." With respect to this claim, the trial court wrote in its order that "[Petitioner] complains that I created an appearance of bias and impartiality in that I permitted counsel for Defendant to draft the order of dismissal. Such drafting is proper and not a basis for recusal." He then directed her to review the local rules of court.

We agree with the trial judge's analysis that his actions have not created an appearance of impartiality or bias. Petitioner has failed to carry her burden of establishing any basis for Judge Wallace's recusal, and we discern none from our own review of the record.

## V. CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded for further

- 6 -

proceedings. Costs of this appeal are assessed to Petitioner, Regina Jorda-Sodiq, for which execution may issue if necessary.[4]

/s/ Valerie L. Smith_____
VALERIE L. SMITH, JUDGE

---

[4] Pending before the Court is Petitioner's Motion for Review of Denial of Indigent Status. A litigant who is allowed to proceed as a poor person is not required to pay costs or litigation taxes to initiate an appeal. That does not, however, relieve that litigant of the responsibility to pay any costs that are taxed to the litigant at the conclusion of the appeal. *Fletcher v. State*, 9 S.W. 3d 103, 105 (Tenn. 1999). Petitioner's motion is denied as moot.